# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2021

Lyle W. Cayce
Clerk

No. 21-60048
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLIE LEE MARTIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-70-4

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Charlie Lee Martin, federal prisoner # 03452-043, appeals the denial of his motion for reconsideration of the denial of compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). According to Martin, it was improper for the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

district court to consider U.S.S.G. § 1B1.13, p.s., because that policy statement was inapplicable to his motion for compassionate release.

The district court's decision to deny compassionate release is reviewed for abuse of discretion. *See United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). Abuse-of-discretion review also generally applies to a district court's denial of a motion for reconsideration. *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted); *accord Cooper*, 996 F.3d at 286.

District courts are not bound by § 1B1.13 or its commentary when considering § 3582(c)(1)(A) motions filed by prisoners. *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021). Although the district court considered § 1B1.13 in this case, the record shows that the court treated it only as guidance and not as binding. The consideration of § 1B1.13 merely as guidance was not error. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832).

Martin also asserts that the district court erred by relying on information from the Bureau of Prisons (BOP) that was not credible regarding the extent of the COVID-19 outbreak at its facilities. A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Barry*, 978 F.3d 214, 217 (5th Cir. 2020). The district court relied on information from the same BOP website cited by the Federal Public Defender and the Government in Martin's compassionate-release proceedings. Martin has not demonstrated clear error by the district court. *See Barry*, 978 F.3d at 217.

No. 21-60048

Lastly, Martin asserts that he is at risk from COVID-19 in prison due to his documented health conditions. The district court's consideration of the 18 U.S.C. § 3553(a) factors is entitled to deference because the district court is in a superior position to find facts and weigh their import under § 3553(a) in the particular case. *See Chambliss*, 948 F.3d at 693. Martin has not shown that the district court abused its discretion in finding that his health conditions increased his risk from COVID-19 to some degree, but that the § 3553(a) factors did not support compassionate release. *See id.* at 693-94.

AFFIRMED.