# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2021

Lyle W. Cayce
Clerk

No. 21-60056

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIE HAMPTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:00-CR-94-1

Before STEWART, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Willie Hampton appeals the district court's denial of his motions for a reduced sentence and for compassionate release. For the following reasons, we AFFIRM in part and VACATE and REMAND in part.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

## I. Facts & Procedural Background

Hampton, federal prisoner # 79948-011, was convicted by a jury of three counts of distribution and possession with intent to distribute cocaine base and powder cocaine. He was sentenced under the enhanced penalties in 21 U.S.C. § 841(b) to a total of life imprisonment.[1] In 2019, Hampton filed a pro se motion for a sentence reduction under section 404 of the First Step Act of 2018 ("FSA").[2] Then in 2020, he moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied both motions. This appeal ensued.

## II. Standard of Review

We review a district court's denial of a motion for a sentence reduction under the FSA for an abuse of discretion. *See United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). A district court's denial of a motion for compassionate release is also reviewed for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when it "makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *Batiste*, 980 F.3d at 469 (internal quotation marks and citation omitted).

## III. Discussion

*A. First Step Act*

On appeal, Hampton contends that the district court failed to calculate his post-FSA statutory penalties and guidelines range as it was

---

[1] Specifically, Hampton was sentenced to concurrent terms of life in prison for counts four and six and to a concurrent 30-year term of imprisonment for count five. He was also ordered to serve concurrent periods of supervised release of eight years on count four, six years on count five, and ten years on count six.

[2] Section 404(b) of the FSA gives a sentencing court discretion to apply the lower statutory penalties introduced by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, to reduce a prisoner's sentence for certain covered offenses.

required to do under section 404 of the FSA. His arguments on this issue are framed in the context of the bifurcated review process detailed in *Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that the bifurcated review process involves evaluating the district court's imposition of a sentence for both procedural soundness and substantive reasonableness). He also argues that the district court failed to adequately consider the § 3553(a) factors. *See* 18 U.S.C. § 3553(a). He contends that mitigating facts related to his military service were omitted from the Presentence Investigation Report ("PSR") and that it is unclear whether the district court considered his service record in denying his motion for a sentence reduction. He also complains that the district court gave too much weight to his prior criminal conduct and failed to consider that he is unlikely to recidivate. We disagree.

Section 404(b) of the FSA gives a sentencing court discretion to apply the lower statutory penalties introduced by the Fair Sentencing Act of 2010 to reduce a prisoner's sentence for certain covered offenses. *United States v. Hegwood*, 934 F.3d 414, 416–18 (5th Cir. 2019); *see also United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020).

Here, the district court declined to exercise its discretion to modify Hampton's sentence. It explained that, "[p]rior to being taken into custody for the charges in this case, Hampton engaged in extremely troublesome behavior, including but not limited to the distribution of substantial amounts of cocaine, various types of fraud, and possession of marijuana for sale." It reasoned that Hampton's conduct clearly illustrated that "he poses a danger to society." It further determined that "a reduction in Hampton's sentence would not be in accordance with the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of his offenses, his history and characteristics, and the need for the sentence imposed."

No. 21-60056

As a preliminary matter, we have held that the bifurcated procedural soundness and substantive reasonableness review of sentencing decisions that is derived from *Booker*[3] and its progeny is inapplicable in the context of FSA sentence reduction motions because, like § 3582(c)(2) proceedings, they "do not constitute full resentencings." *Batiste*, 980 F.3d at 479–80 ("Although we have noted some distinctions between [FSA] sentence reduction motions and § 3582 motions, we also have found them similar in other respects. Pertinent here, in adopting an abuse of discretion standard of review for the discretionary component of a district court's [FSA], section 404 determination, we analogized to the 'abuse of discretion' standard of review applicable to 'decisions whether to reduce sentences' pursuant to § 3582(c)(2) . . . Given the foregoing, we similarly conclude the substantive reasonableness standard does not apply here." (quoting *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009)). As a result, Hampton's argument that the district court failed to calculate his post-FSA statutory penalties and guidelines range under section 404 of the FSA is without merit.

Moreover, contrary to Hampton's arguments on appeal, the record reveals that the district court referenced Hampton's military service several times but concluded that his brief time in the military[4] was outweighed by his subsequent 29-year criminal history.[5] The district court explicitly concluded that a reduction in Hampton's sentence would be inconsistent with the § 3553(a) factors.[6] Because Hampton's arguments on this issue amount to a

---

[3] *United States v. Booker*, 543 U.S. 220 (2005).

[4] Hampton served in the military for less than two years.

[5] The PSR indicates that Hampton's criminal history spanned from 1971 to 2000.

[6] Because we have concluded that the district court considered the § 3553(a) factors in evaluating the merits of Hampton's sentence reduction motion under the FSA, we need not address his Rule 28(j) letter arguments on the issue.

No. 21-60056

mere disagreement with the district court's balancing of the statutory sentencing factors, he has failed to show that the district court abused its discretion in denying his motion for a sentence reduction under the FSA. *See Batiste*, 980 F.3d at 469.

### B. Compassionate Release

Hampton further contends that the district court erred in denying his compassionate release motion by limiting itself to the considerations set forth in U.S.S.G. § 1B1.13, p.s., and its commentary in determining that extraordinary and compelling circumstances were not present. Because the district court's findings were inadequate, Hampton argues, it cannot be discerned whether the district court considered his mitigating evidence in light of the reduced statutory penalties and guidelines range under the FSA.

Under 18 U.S.C. § 3582(c)(1)(A), the district court:

upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative [remedies] . . . , may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Congress has not defined the phrase "extraordinary and compelling reasons." *See United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). Nor has the Sentencing Commission amended the definition of the phrase "extraordinary and compelling reasons" set forth in § 1B1.13 and its commentary. *See id.*

We have recently held that § 1B1.13 and its commentary apply only to § 3582 motions filed by the Director of the BOP. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021). Consequently, a district court considering a prisoner-filed motion is bound only by § 3582(c)(1)(A)(i) and the § 3553(a) sentencing factors. *Id.* at 393. In ruling on Hampton's motion for compassionate release, the district court couched its analysis in terms of § 1B1.13 and did not refer expressly to the § 3553(a) sentencing factors.[7] Because the district court did not have the benefit of intervening Fifth Circuit authority in ruling on Hampton's motion, we conclude that its decision should be reconsidered in light of *Shkambi*.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's order denying Hampton's motion for a sentence reduction. We VACATE the district court's order denying Hampton's motion for compassionate release and REMAND in light of *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021).

---

[7] The dissent relies on a footnote to support the contention that the district court did not believe it was bound by § 1B1.13. In that footnote, the district court "note[d] Bowens' reliance" on *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020), which stands "for the proposition that district courts have broad discretion in the compassionate release context—not limited solely to the considerations set forth in U.S.S.G. § 1B1.13." But reliance on this footnote is misplaced for two reasons. First, this footnote only acknowledges this argument was made and gives no insight into whether the district court agreed with the proposition or considered it as its own position in considering Hampton's compassionate release motion. Second, and perhaps more importantly, the footnote is unreliable because it acknowledges "Bowens' reliance" on *Brooker*, not Hampton's. Bowens is Hampton's co-defendant. The record shows Hampton did not rely on *Brooker* in his compassionate release motion, even though Bowens did in his own motion. This mistake in the district court's order makes it even less clear what the district court considered in deciding Hampton's compassionate release motion.

HAYNES, *Circuit Judge*, concurring in part and dissenting in part:

I concur in Sections I, II, and III.A., and the corresponding portion of the judgment. However, I would affirm the entirety of the district court's judgment and, therefore, disagree with the reasoning of Section III.B.

I agree that our decision in *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021), makes it clear that U.S.S.G. § 1B1.13, p.s., is not binding on the trial court (though it can be utilized). A district court considering a prisoner-filed motion is bound only by 18 U.S.C. § 3582(c)(1)(A)(i) and the § 3553(a) sentencing factors. *Shkambi*, 993 F.3d at 393. The district court never stated expressly, however, that it believed it was bound by § 1B1.13; to the contrary, in footnote 6 of its order, it cited a Second Circuit opinion noting a district court's broad discretion in the compassionate release context that is not limited to § 1B1.13. *See United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).[1]

I also agree that the district court did not expressly reference § 3553(a) in the compassionate release section. Most importantly, however, in the exact same order as the compassionate release decision and in the paragraph immediately preceding the court's discussion on compassionate release, the

---

[1] Footnote 7 of the majority opinion takes issue with the district court's footnote 6 because the district court relied upon a case cited by a co-defendant and not by Hampton in the district court (though it relied upon that case in this court). Of course, courts are not limited to considering only *cases* cited by the parties (as opposed to limitations based upon *arguments* made by parties), so however the district court learned of *Brooker*, it clearly found it persuasive or it would not have cited it the way it did. Indeed, the second paragraph of the majority opinion's Footnote 7 actually demonstrates something different that does not support Hampton: Hampton never argued in the district court that the district court was not bound by 1B1.13. Instead, he argued in his motion that the district court "should review" U.S.S.G. 1B1.13 in making the compassionate release determination, which is exactly what it did do. Hampton's failure to make the *Brooker* argument would actually support finding waiver or forfeiture, not remanding the case.

district court balanced the § 3553(a) sentencing factors and denied Hampton's motion for a sentence reduction under the First Step Act. There, the court determined that he was not entitled to relief given his lengthy criminal history and other troublesome conduct. Thus, the district court had already considered the relevant sentencing factors so the notion that there is something new for the court to consider on remand is inconsistent with the reality of the district court's order. Simply put, the record does not reflect that Hampton would have received relief on his compassionate release motion but for the district court's application of § 1B1.13. *Cf. United States v. Cooper*, 996 F.3d 283, 286–89 (5th Cir. 2021). No abuse of discretion has been shown. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

I conclude, therefore, that there is no point in remanding on this issue. Accordingly, I respectfully dissent from that portion of the judgment.