# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2021

Lyle W. Cayce
Clerk

No. 20-20485

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRED JOSEPH COOPER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-132-1

Before OWEN, *Chief Judge*, and CLEMENT and HIGGINSON, *Circuit Judges*.

STEPHEN A. HIGGINSON:

Fred Joseph Cooper, who is currently serving a 40-year sentence for drug-trafficking and firearms convictions, appeals the district court's denial without prejudice of his motion for compassionate release. At the time of the denial, no circuit had squarely considered whether the U.S. Sentencing Commission's policy statement as to what constitutes "extraordinary and compelling reasons" that may warrant a reduction in sentence remained binding on district courts when considering a prisoner's motion for compassionate release under the recently enacted First Step Act. Since then,

No. 20-20485

our court has joined the chorus of circuits holding that district courts are *not* bound by that policy statement in these circumstances. *See United States v. Shkambi*, No. 20-40543, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). In light of our court's recent decision, we VACATE and REMAND.

## I.

In 2010, Cooper was convicted by a jury for two counts of possession with intent to distribute cocaine and cocaine base, two counts of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a felon. In 2011, the district court sentenced Cooper to 481 months' imprisonment,[1] which included 121 months' imprisonment for the drug-possession counts and consecutive sentences of 5 years for the first firearms offense under 18 U.S.C. § 924(c)(1)(A)(i) and 25 years for the second firearms offense under § 924(c)(1)(C)(i), and a total of 8 years of supervised release. This court affirmed the district court's judgment. *United States v. Cooper*, 714 F.3d 873, 881 (5th Cir.), *cert. denied*, 571 U.S. 923 (2013).

In April 2020, after exhausting his administrative remedies, Cooper filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He asserted that he was at greater risk of death due to the COVID-19 pandemic because he was 49 years old and had diabetes, obesity, high blood pressure, and respiratory problems. The Federal Public Defender's Office (FPD), which was subsequently appointed to represent Cooper, filed a supplemental brief. The FPD argued that Cooper's medical conditions in combination with the COVID-19 pandemic constitute "extraordinary and compelling reasons" justifying a sentence reduction. Additionally, the FPD argued that the district court should also consider the

---

[1] The sentence was later reduced to 480 months (40 years) on Cooper's motion.

nonretroactive changes to § 924(c)(1) by the First Step Act because, if Cooper were sentenced now, he would be subject to only a 10-year mandatory minimum on the firearms offenses instead of the then-mandatory 30-year minimum. The government opposed the motion.

On September 4, 2020, the district court denied Cooper's motion. The district court noted that Cooper had only served 11 years, or less than 50 percent, of his 40-year sentence. The district court then addressed Cooper's asserted medical conditions. While the court recognized that diabetes, hypertension, and obesity are comorbidities in cases of COVID-19 infection, it found that the record did not show that Cooper suffered from respiratory problems, and that his age was "not in the age range of greatest vulnerability." It further noted that the Memphis Federal Correctional Institute (FCI Memphis), where Cooper was incarcerated, had relatively few infections,[2] and that Cooper's medical records demonstrated that his conditions did not limit his ability to work, carry out his daily activities, or care for himself. With no evidence that the Bureau of Prisons (BOP) was incapable of responding to his health risks, the district court concluded that Cooper's risk factors for COVID-19 alone did not provide a sufficient basis for granting relief.

The district court next considered whether the First Step Act's changes to 18 U.S.C. § 924(c)(1) constitute an extraordinary and compelling reason for a reduction in his sentence. Relevant here, § 924(c)(1)(C) was amended to clarify that the consecutive mandatory minimum sentence of 25

---

[2] At the time, in September 2020, the district court noted that 3 prisoners and 4 staff had tested positive for COVID-19. In December 2020, when the government filed its appellate brief, FCI Memphis reported 44 active cases among inmates and 19 among staff. FCI Memphis currently reports 1 active case among prisoners and 1 among staff. *See* Federal Bureau of Prisons, *COVID-19 (Coronavirus)*, https://www.bop.gov/coronavirus/ (last visited Apr. 27, 2021).

years only applies when a defendant commits a subsequent § 924(c) violation after a prior § 924(c) conviction has become final. First Step Act of 2018, Pub. L. 115-391, § 403, 132 Stat 5194, 5221–22 (2018); *United States v. Gomez*, 960 F.3d 173, 176–77 (5th Cir. 2020). Although this amendment to § 924(c) did not apply retroactively to Cooper's sentence, the district court agreed that if Cooper were sentenced today, he would be subjected to a significantly lower sentence: a 10-year mandatory consecutive sentence (5 years for each of Cooper's two § 924(c) convictions), rather than the imposed 30-year sentence (5 years for the first § 924(c) conviction and 25 years for the second).

However, the district court then noted the unsettled caselaw as to whether it had discretion to consider "extraordinary and compelling reasons" not articulated by the Sentencing Commission's corresponding policy statement. That is, whether the prior policy statement in U.S. Sentencing Guidelines § 1B1.13 is applicable to motions made by prisoners like Cooper pursuant to the amended compassionate release procedures, which were revised in a separate provision of the First Step Act, § 603(b), 132 Stat. at 5239. In light of the divergent caselaw on this issue, the district court denied the motion without prejudice, presciently stating that Cooper could renew his motion if, *inter alia*, "the Fifth Circuit, or the Sentencing Commission clarifies the scope of a court's discretion and the meaning of 'extraordinary and compelling' reasons for a sentence reduction under the First Step Act." Cooper timely appealed.

## II.

We review the district court's denial of Cooper's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States*

No. 20-20485

*v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).

### III.

Cooper principally argues that the district court legally erred in declining to consider whether Cooper presented an "extraordinary and compelling reason" for a sentence reduction based, in whole or in part, on the nonretroactive sentence reduction for his § 924(c) firearms convictions. As the district court confirmed, this issue was unsettled at the time the district court denied Cooper's motion. Yet, since that time, our court has resolved it in Cooper's favor.

Our court's decision in *Shkambi* traces the history of compassionate release to its present form. *See Shkambi*, 2021 WL 1291609, at *2–3. As recently amended by the First Step Act in December 2018, the relevant provision now states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if [the court] finds that . . . *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Significantly, prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion by the BOP; now, a defendant

can file such motions directly in district court.[3]  *See Chambliss*, 948 F.3d at 693 n.1; *Shkambi*, 2021 WL 1291609, at *3.  But the First Step Act did not alter the other requirements:

> Prisoners like [Cooper] still must show "extraordinary reasons"; they still must show that compassionate release is consistent with applicable policy statements from the Commission; and they still must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors.

*Shkambi*, 2021 WL 1291609, at *3.

Congress has not defined what constitutes "extraordinary and compelling reasons" for a sentence reduction and similarly did not do so in the First Step Act.  Instead, the Sentencing Commission has the authority to "'promulgat[e] general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A)' that 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'"  *Id.* (quoting 28 U.S.C. § 994(t)) (alteration in original).  The Sentencing Commission's current policy statement and corresponding commentary provide four categories of "extraordinary and compelling reasons" that could warrant a sentence reduction: (A) medical conditions; (B) age; (C) family circumstances; and (D) "[o]ther [r]easons."  U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(A)–(D) (U.S. Sent'g Comm'n Nov. 1, 2018).  The Sentencing Commission has "not yet adopted

---

[3] A defendant may raise such a motion only if he has exhausted his administrative rights to appeal the BOP's failure to bring such a motion or has waited 30 days after the warden's receipt of the request, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A)(i).  Here, it is undisputed that Cooper satisfied the administrative exhaustion requirements, and we are satisfied that he has done so.

a new statement to implement the [First Step Act]." *Shkambi*, 2021 WL 1291609, at *3.

In *Shkambi*, our court addressed whether this policy statement, which applies to "motion[s] of the Director of the Bureau of Prisons," was also an "applicable policy statement[]" for motions filed by prisoners like Cooper. *Id.* at *4. *Id.* We held that it was not.[4] *Id.* Consequently, because § 1B1.13 is not an "applicable policy statement" to compassionate release motions filed by prisoners, "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *Id.*

*Shkambi* forecloses the government's contention that § 1B1.13 applies to Cooper's motion for compassionate release. The district court declined to consider whether it had discretion to deviate from the "extraordinary and compelling reasons" articulated in § 1B1.13, including whether it could consider the First Step Act's nonretroactive reduced penalties for § 924(c) convictions. Thus, as clarified in *Shkambi*, the district court effectively considered that policy statement binding.

The government alternatively contends that the district court did not rely on the § 1B1.13 policy statement, and instead relied exclusively on the sentencing factors under 18 U.S.C. § 3553(a), which district courts are still required to consider when either a prisoner or the BOP moves for compassionate release. *See Shkambi*, 2021 WL 1291609, at *3. We disagree.

---

[4] In reaching this decision, we joined every other circuit to have considered this same issue. *See United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. Sept. 25, 2020); *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. Dec. 2, 2020); *United States v. McGee*, No. 20-5047, 2021 WL 1168980, at *12 (10th Cir. Mar. 29, 2021). The Ninth Circuit also subsequently reached the same conclusion. *See United States v. Aruda*, No. 20-10245, 2021 WL 1307884 (9th Cir. Apr. 8, 2021) (per curiam).

To start, the district court detailed its trepidation as to whether § 1B1.13 applied to Cooper's motion, and discussed the "lively debate about district courts' discretion to reduce sentences under § 3582(c)(1)(A)" and the corresponding "limited and conflicting precedents—with almost no input from the appellate courts." Moreover, the court's express invitation for Cooper to renew his motion if this court clarified the scope of its discretion under the First Step Act's amended procedures belies the government's contention that the district court concluded such extraordinary circumstances were "unnecessary." *Cf. United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. 2020) (per curiam) (unpublished) (concluding that the district court did not err in referring to § 1B1.13 because "it relied on its own judgment in denying [the] motion" based on its "own determination of whether extraordinary and compelling reasons warrant a reduction of [the defendant's] sentence").

For similar reasons, we reject the government's contention that the district court relied solely on the § 3553(a) factors. Here, the district court denied relief without prejudice based on the "uncertain landscape" and lack of "input from the appellate courts or from the Commission itself." Nor, as the government contends, is this a case where, notwithstanding the existence of extraordinary and compelling reasons, the district court nonetheless determined that § 3553(a)'s sentencing factors militate against a sentence reduction.[5] *Cf. United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020)

---

[5] For example, the government argues that the district court principally denied Cooper's motion based on the amount of time remaining in his sentence, which the government asserts is a permissible application of the sentencing factors under 18 U.S.C. § 3553(a) when considering a motion for compassionate release. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (no abuse of discretion where district court denied compassionate release when the movant had served less than two years of his 15-year within-guidelines sentence). It is true that the district court noted that Cooper had served over 11 years, but less than 50 percent, of his imposed 40-year sentence, and that

("Unlike in other cases in which a district court relied solely on that legal ruling [of mistakenly limiting itself to the § 1B1.13's list of extraordinary and compelling reasons], the district court in this case alternatively denied [defendant] relief based on a discretionary balancing of the § 3553(a) factors.").

Having clarified in *Shkambi* that the district court is not bound by § 1B1.13 when considering motions brought by prisoners like Cooper under 18 U.S.C. § 3582(c)(1)(A), we vacate and remand so that the district court can reassess Cooper's motion for compassionate release. We leave for the district court to consider, in the first instance, whether the nonretroactive sentencing changes to his § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence. *See Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 424–25 (5th Cir. 2014) ("When a district court fails to exercise its discretion based on a 'misapprehension of the law' as was the case here, this court remands the action to allow the 'district court to exercise [it] in the first instance.'" (alteration in original) (quoting *Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc.*, 448 F.3d 825, 831 (5th Cir. 2006))). We offer no views as to the merits of the motion, or Cooper's alternative contention that the district court clearly erred in its assessment of the record.

---

even reducing his § 924(c) firearms convictions from 30 years to 10 years, "he would still be in prison until at least 2026." But the government's emphasis on these observations is misplaced. The district court, on remand, has the discretion to consider the amount of time Cooper has served in light of any applicable extraordinary or compelling reasons.

No. 20-20485

IV.

For the foregoing reasons, the district court's order is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.