# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2021

Lyle W. Cayce
Clerk

No. 20-61235
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STARLET KIZER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-CR-163-3

Before KING, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Starlet Kizer, federal prisoner # 14831-042, was convicted by a jury of one count of aiding and abetting federal armed bank robbery, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 2113(a) and (d), and two counts of aiding and abetting the brandishing of a firearm during a crime of violence, in violation

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61235

of 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1)(A).  Kizer was sentenced to 385 months in prison and five years of supervised release.  She appeals the denial of her motion under 18 U.S.C. § 3582(c)(1)(A).

We review the denial of a motion under § 3582(c)(1)(A) for an abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  A district court disposing of such a motion is bound by § 3582(c)(1)(A)(i), as well as the 18 U.S.C. § 3553(a) sentencing factors.  *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Kizer contests the district court's decision on multiple grounds.  She maintains that the district court did not properly evaluate whether the health dangers posed by COVID-19, combined with her medical conditions, merited a reduction; the district court erroneously assessed whether she was entitled to relief based on the § 3553(a) factors, her rehabilitation, her low likelihood of recidivism, her prospective dangerousness, and other circumstances that suggest that she should be released early; and the district court wrongly found that she was not entitled to a reduction due to the non-retroactive sentencing changes for § 924(c) convictions under the First Step Act.

She has failed to establish that the district court's decision was based in legal error or clearly erroneous facts.  *See Chambliss*, 948 F.3d at 693.  The district court, while applying U.S.S.G. § 1B1.13, did not indicate that it felt bound by that policy statement, and, instead, relied on its own judgment to decide whether a sentence reduction was merited based on extraordinary and compelling reasons and the § 3553(a) factors.  *See Shkambi*, 993 F.3d at 392.  The district court at least implicitly considered Kizer's arguments as to the factors that she thought warranted a reduction and found that those alleged bases failed to satisfy the exceptional requirement of § 3582(c)(1)(A) and that specific § 3553(a) factors weighed against granting a reduction.  We defer to

No. 20-61235

the district court's assessment, and Kizer's disagreement with the weighing of the factors does not show error.  *See Chambliss*, 948 F.3d at 694.

Kizer otherwise has failed to establish that the district court abused its discretion.  *See id.* at 683.  She did not show that the pandemic or her medical issues entitled her to a sentence reduction under the circumstances, *see id*; *see also United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832), or that there was an abuse of discretion in the district court's decision that, even if the sentencing changes for § 924(c) convictions could be an extraordinary and compelling reason, the § 3553(a) factors militated against a reduction, *see Chambliss*, 948 F.3d at 693-94; *cf. United States v. Cooper*, 996 F.3d 283, 285, 288-89 (5th Cir. 2021).

AFFIRMED.