# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2021

Lyle W. Cayce
Clerk

No. 20-11138
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CEDRIC DIGGS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-177-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

A jury convicted Defendant-Appellant Cedric Diggs on three counts of conspiracy to obstruct interstate commerce by robbery and three counts of knowingly using and carrying a firearm during a crime of violence. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11138

district court sentenced him to 738 months in prison followed by five years of supervised release.

Diggs challenges the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He contends that he is entitled to compassionate release because of the extraordinary and compelling circumstances that COVID-19 poses in prison, particularly in the light of his history of serious medical conditions, including (1) end-stage kidney disease requiring dialysis three times a week, (2) diabetes, (3) obesity, (4) obstructive sleep apnea, and (5) hypertension.

We review the district court's decision to deny a prisoner's motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). The district court concluded that Diggs's medical conditions did not present an extraordinary and compelling reason for early release. The court based its analysis in part on a mistaken reading of Diggs's expert's report.[1]

But the court continued to explain its alternative holding: "If the court is mistaken and movant's medical condition does qualify as extraordinary and compelling, the court still would not grant relief." The court concluded that the 18 U.S.C. § 3553(a) factors did not weigh in favor of Diggs. *See United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021). The court noted that

---

[1] The court stated: "As [Diggs's] expert notes, the predicted remaining lifetime for a man on dialysis like movant is 7.7 years." The report instead explained: "Mr. Diggs will be 50 years old in a few months, and the predicted remaining lifetime for the average man on dialysis is 7.7 years. Mr. Diggs has the additional risk factors of diabetes and vascular disease, and using the Cohen 6-month mortality model, this predicts an estimated risk of death on hemodialysis at 16.5% every 6 months." (citation omitted).

No. 20-11138

Diggs was suffering from the same diseases when he committed his crimes. It could not find, therefore, that he was not a danger to the safety of the community if he were to be released.

Based on the alternative basis for denial, Diggs has not shown that the district court heavily relied on an erroneous view of the evidence or failed to consider a relevant sentencing factor or other factor required by law. The district court, therefore, did not abuse its discretion in denying Diggs's motion for compassionate release. *See Chambliss*, 948 F.3d at 694; *see also United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Diggs's mere disagreement with the district court's weighing of the sentencing factors is not sufficient to demonstrate abuse of discretion. *See Chambliss*, 948 F.3d at 694.

AFFIRMED.