# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2021

Lyle W. Cayce
Clerk

No. 21-40004
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAY ALAN FISHER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-853-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jay Alan Fisher, federal prisoner # 91672-379, pled guilty to coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). He was sentenced in 2016 to 120 months of imprisonment and 15 years of supervised release. Fisher now challenges the district court's denial of his motion for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that the district court's determination that there were no "extraordinary and compelling reasons" warranting a reduction was based on a clearly erroneous assessment of the evidence.

We review the district court's decision to deny a prisoner's motion for compassionate release for an abuse of discretion.  *See United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).  The district court concluded that Fisher was not entitled to an early release because his medical conditions, coupled with his fear of being re-infected with COVID-19, did not constitute an extraordinary or compelling circumstance.  The district court also expressly found that the severity of his offense — a relevant factor for consideration under 18 U.S.C. § 3553(a) — weighed against his early release.

Fisher acknowledges the severity of his offense but argues that the district court did not consider whether the severity of the offense outweighed his extraordinary and compelling reasons for a reduction.  He fails to show, though, that the district court abused its discretion in balancing the factors that he raised in support of his motion.  *See Cooper*, 996 F.3d at 286.

The district court's judgment is AFFIRMED.