# United States Court of Appeals for the Fifth Circuit

No. 20-50712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2021

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nicholas Ray Allen,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-203-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Nicholas Ray Allen, federal prisoner # 79703-380, appeals the denial of three motions seeking relief from his 46-month sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Allen argues that he was entitled to a reduction in his sentence because his state and federal sentences should have run

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

concurrently and because COVID-19 presented a heightened threat to him because he is asthmatic.  We review for an abuse of discretion.  *See United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).

The district court applied the 18 U.S.C. § 3553(a) factors and articulated why a sentence reduction was not warranted given the nature, circumstances, and seriousness of Allen's firearm offense and the need for deterrence and to protect the public from further crimes by him.  To the extent that Allen asserts that those concerns are outweighed by the need to avoid unwarranted sentencing disparities with other similarly situated inmates, his disagreement "with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for reversal."  *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Allen also challenges the fact his federal sentence was not to be served concurrently with a state sentence.  The district court found that, even though a state court had sought to have the sentence it imposed run concurrently with his federal sentence, a federal court is not bound by "state court provision for concurrent sentencing."  *Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010).  The district also was not required to credit the time Allen had already served in the state system, because that time had already been credited by the state judge.  *See* 18 U.S.C. § 3584(b).

Allen's remaining arguments represent a challenge to the district court's separate determination that he was not entitled to relief because he also failed to show extraordinary and compelling reasons for a sentence reduction.  However, we need not consider those arguments because a district court may deny compassionate release under the Section 3553(a) factors even if the defendant establishes extraordinary and compelling reasons for it.  *See Chambliss*, 948 F.3d at 693–94.  Because Allen has not identified any error of law or clearly erroneous factual finding by the district

No. 20-50712

court in applying the Section 3553(a) factors, we conclude that there was no abuse of discretion. *See id.*

The judgment of the district court is AFFIRMED.