# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2021

Lyle W. Cayce
Clerk

No. 20-20581
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDWIN W. RUBIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CR-57-5

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Edwin W. Rubis, federal prisoner # 79282-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release, asserting that (1) his serious medical conditions combined with the circumstances presented by the COVID-19 pandemic constituted

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20581

extraordinary and compelling reasons for compassionate release; (2) his overall circumstances presented extraordinary and compelling reasons for release; and (3) the factors set forth in 18 U.S.C. § 3553(a) entitled him to a reduction in sentence to time served.  The district court denied the motion.

We review a district court's denial of a motion for a compassionate release sentence reduction under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).  A district court may modify a defendant's sentence, after considering the applicable § 3553(a) factors, if it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

Here, the district court made specific findings, consistent with the § 3553(a) factors, regarding Rubis's history and characteristics and the nature and seriousness of his offenses and concluded that these factors did not warrant a sentence reduction.  Rubis's mere disagreement with the district court's balancing of the factors that he believes support his request for a reduction does not establish that the district court abused its discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

The order of the district court is AFFIRMED.