# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2021

Lyle W. Cayce
Clerk

No. 21-50212
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AARON CHRISTOPHER PLEASANT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-264-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Aaron Christopher Pleasant, federal prisoner # 43711-480, appeals the denial of his motion for compassionate release in accordance with the provisions of 18 U.S.C. § 3582(c)(1)(A).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50212

Review of the denial of a prisoner's § 3582(c)(1)(A) motion is for abuse of discretion. *See United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). The district court abuses its discretion when "it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* A district court may reduce the defendant's term of imprisonment, after considering the applicable factors set out in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). Section 3582(c)(1)(A), as amended by the First Step Act of 2018, permits motions to be filed directly by a prisoner. *See United States v. Chambliss*, 948 F.3d 691, 692-93 & n.1 (5th Cir. 2020).

When addressing a prisoner-filed motion, district courts must consider the extraordinary circumstances requirement of § 3582(c)(1)(A)(i), as well as the § 3553(a) factors, which include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the severity of the crime, to encourage respect for the law, to impose a just punishment, to discourage criminal behavior, and to protect the public. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693 & n.3; § 3553(a).

Relying on *Shkambi*, Pleasant argues that the district court abused its discretion by denying the motion based on the guidance set forth in U.S.S.G. § 1B1.13 and by failing to give appropriate consideration to his contention that he is not a danger to the community. In *Shkambi*, we held that "neither the policy statement [in § 1B1.13] nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *Id.* at 393. Here, however, the district court did not abuse its discretion in considering "the applicable policy statements issued by the Sentencing Commission" because the denial was also based on an assessment of the § 3553(a) factors, which the

2

No. 21-50212

Government had argued as an additional basis for denying the motion. *See Chambliss*, 948 F.3d at 693-94; *Cooper*, 996 F.3d at 288-890.

Accordingly, the judgment of the district court is AFFIRMED.