# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2022

Lyle W. Cayce
Clerk

No. 21-30252
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregory Alan Smith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-84-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Gregory Alan Smith, federal prisoner # 20571-035, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Smith contends that the district court abused its discretion in ruling that he failed to demonstrate extraordinary and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

compelling reasons for granting his motion. Smith also asserts he demonstrated that relief is warranted under 18 U.S.C. § 3553(a), but the district court did not adequately address his contentions.

We review a district court's denial of compassionate release for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted). "Because we afford such deference to the district court, we in turn require a thorough factual record for our review." *Id.* The district court "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id.*

Here, the district court provided a thorough explanation of its conclusion that specific § 3553(a) factors weighed against granting compassionate release. The court viewed the scope of Smith's fraud and the fact that many of his victims were elderly as significant. It also noted that, at the time of its ruling, Smith had only served approximately five percent of his sentence. The district court also explicitly acknowledged Smith's claim that "he is a candidate for release because he presents no threat of recidivism and lacks any history of violence or crime." There is no indication that the district court gave significant weight to an irrelevant or improper factor. *See Chambliss*, 948 F.3d at 693. That Smith disagrees with how the district court balanced the § 3553(a) factors is not a sufficient basis for us to reverse that court's ruling. *See id.*

The district court's denial of Smith's motion "may be affirmed on any basis supported by the record, [including] the court's analysis of the § 3553(a) factors." *United States v. Guerrero*, 857 F. App'x 844, 844 (5th Cir. 2021) (per curiam); *see, e.g.*, *United States v. Haj*, 850 F. App'x 904, 905 (5th Cir.

No. 21-30252

2021) (per curiam) (affirming based on the district court's § 3553(a) determination). The court's well-reasoned application of the § 3553(a) factors supports its order. We therefore need not reach Smith's reasons for disagreeing with the district court's conclusion that he failed to demonstrate extraordinary and compelling circumstances.

The district court's denial of compassionate release is AFFIRMED.