# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2022

Lyle W. Cayce
Clerk

No. 21-40081
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Edward Todd Jacobs,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CR-33-2

---

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Edward Todd Jacobs, federal prisoner # 19938-078, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We review the district court's decision to deny a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40081

prisoner's motion for compassionate release for an abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).

Jacobs argues that the district court treated U.S.S.G. § 1B1.13, p.s., as binding and limited its consideration of extraordinary and compelling reasons to those listed in Application Note 1 of the Guideline's commentary, even though the policy statement does not apply where a motion for compassionate release is brought by a prisoner and not the Bureau of Prisons. *See United States v. Shkambi*, 993 F.3d 388, 391–92 (5th Cir. 2021). He also argues that the district court erred in balancing the 18 U.S.C. § 3553(a) factors, especially with respect to his post-sentencing rehabilitative efforts.

We need not resolve whether the district court's consideration of the policy statement and its commentary constituted legal error because the court also concluded that Jacobs had failed to establish that the § 3553(a) factors weighed in favor of modifying his sentence. *See Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021). Despite Jacobs's assertion to the contrary, the district court gave due consideration to his post-sentencing rehabilitative efforts, but it permissibly found that the seriousness of Jacobs's offenses, solicitation of murder for hire and attempted arson, tipped the scales against modifying his sentence. Although Jacobs may disagree with the court's balancing of the § 3553(a) factors, "that is not a sufficient ground for reversal." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

AFFIRMED.