# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 21-40386
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCESK SHKAMBI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-193-5

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Francesk Shkambi, federal prisoner # 46728-039, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.  He argues that the district court abused its discretion by denying his motion without allowing the Government an opportunity to respond to his claim that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

his medical conditions constituted extraordinary and compelling reasons for granting relief, by concluding that his medical conditions did not constitute extraordinary and compelling reasons warranting relief, and by failing to consider the sentencing factors set forth at 18 U.S.C. § 3553(a). Alternatively, he asks this court to stay the proceedings pending a decision in *United States v. Houston*, 805 F. App'x 546, *petition for cert. filed* (U.S. Apr. 19, 2021) (20-1479).

The district court's ultimate decision whether to grant a sentence reduction under § 3582(c)(1)(A)(i) is discretionary. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Accordingly, this court reviews the district court's denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted) (quoting *Chambliss*, 948 F.3d at 693). A factual finding "is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Peterson*, 977 F.3d 381, 396 (5th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (per curiam)). This court finds clear error only where "a review of the record results in a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted) (quoting *Zuniga*, 720 F.3d at 590).

In its letter brief, the Government states that it would not have automatically conceded that Shkambi's obesity was an extraordinary and compelling reason for a sentencing reduction. Thus, Shkambi's assertion that a response from the Government would have benefitted his claim that his obesity constituted an extraordinary and compelling reason for granting his motion is speculative at best. As such, the district court did not abuse its discretion by denying Shkambi's motion without awaiting a Government

response or otherwise considering the Government's practice of agreeing that obesity constitutes an extraordinary and compelling reason. *See Cooper*, 996 F.3d at 286.

In deciding that there were no extraordinary and compelling reasons for granting compassionate release, the district court weighed Shkambi's medical conditions, the number of COVID-19 cases at FCI Elkton, and his risk of reinfection. The district court's decision is not the result of a legal error. *See United States v. Thompson*, 984 F.3d 431, 434-35 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Furthermore, a review of the record does not compel a definite and firm conviction that a mistake has been committed. *See Peterson*, 977 F.3d at 396. Consequently, the district court did not abuse its discretion by finding that there were no extraordinary and compelling circumstances warranting relief. *See Cooper*, 996 F.3d at 286.

Finally, because the district court determined that the motion for compassionate release should be denied on the ground that Shkambi's medical conditions were not extraordinary and compelling, the district court did not abuse its discretion by forgoing consideration of the § 3553(a) factors, including Shkambi's record of rehabilitation. *See Thompson*, 984 F.3d 433-35. Shkambi's alternative motion to stay the proceedings is denied.

AFFIRMED.