# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2022

Lyle W. Cayce
Clerk

No. 21-50696
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Stephen Omowaiye,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-140-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Stephen Omowaiye, federal prisoner # 63977-380, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Omowaiye argues, without providing any specific examples or record citations, that the district court committed error pursuant to *United States*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50696

*v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021), when determining that the risk of contracting COVID-19 and his counsel's ineffectiveness did not constitute extraordinary and compelling circumstances.

We need not resolve whether the district court committed *Shkambi* error by treating the policy statement in U.S.S.G. § 1B1.13 as binding, *see United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021); *Shkambi*, 993 F.3d at 393, because the district court independently determined that compassionate release was not warranted based on a consideration of 18 U.S.C. § 3553(a), *see Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021); *cf. Cooper*, 996 F.3d at 288–89. Specifically, the district court considered the nature and circumstances of the offense, which involved a scheme to defraud elderly victims with an intended loss exceeding $250 million. *See* § 3553(a)(1). The district court also considered the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of Omowaiye, as well as the lack of a need to provide Omowaiye with necessary medical care. *See* § 3553(a)(2). Because Omowaiye has failed to demonstrate that the district court's denial of his motion resulted from an "error of law or clearly erroneous assessment of the evidence," the judgment of the district court is AFFIRMED. *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020).