# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2022

Lyle W. Cayce
Clerk

No. 21-50205
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Shahied Summons,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-249-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Shahied Summons, federal prisoner # 55633-060, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Summons argues that the district court improperly relied on U.S.S.G. § 1B1.13 in violation of *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50205

He further contends that the district court failed to consider his post-sentencing rehabilitation or provide specific factual reasons for denying his motion. In addition, Summons moves this court for permission to file an out of time reply brief.

We need not resolve whether the district court committed *Shkambi* error by treating the policy statement in § 1B1.13 as binding, *see United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021); *Shkambi*, 993 F.3d at 393, because the district court independently determined that compassionate release was not warranted based on its consideration of the 18 U.S.C. § 3553(a) sentencing factors. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *cf. Cooper*, 996 F.3d at 288-89. The district court stated that it had completely reviewed Summons's motion, which advanced his rehabilitation argument, and then cited specific § 3553(a) factors as its basis for concluding that relief was not warranted. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); § 3553(a)(1), (a)(2). The district court was not required to specifically address each argument raised by Summons. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Chavez-Meza*, 138 S. Ct. 1959, 1965 (2018).

Because Summons has failed to demonstrate that the district court's denial of his motion resulted from an "error of law or clearly erroneous assessment of the evidence," the judgment of the district court is AFFIRMED. *Chambliss*, 948 F.3d at 693–94. His motion to file an out of time reply brief is GRANTED.