# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2022

Lyle W. Cayce
Clerk

No. 21-10371
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Alex Romo Rios,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CR-22-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Alex Romo Rios, federal prisoner # 25965-077, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He has also filed motions for leave to file a supplemental

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10371

appellate brief and for the appointment of counsel. Rios's motion for leave to file a supplemental brief is GRANTED.

In his supplemental brief, Rios asserts for the first time on appeal that compassionate release is warranted based on the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). He also contends that he is "now in a wheelchair due to extreme swelling in his legs and is experiencing kidney disfunction." We will not consider these newly raised arguments. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).

A district court's decision to deny a motion for compassionate release is reviewed for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).

Rios asserts that the district court failed to adequately explain its reasons for denying his motion for compassionate release. Although the district court's explanation was brief, it explicitly considered Rios's arguments and the applicable 18 U.S.C. § 3553(a) factors. The basis for the district court's denial is also discernable from the record, particularly because the same district court judge who denied the motion for compassionate release originally sentenced Rios. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). To the extent Rios disagrees with the district court's balancing of the § 3553(a) factors, his disagreement does not warrant reversal. *See Chambliss*, 948 F.3d at 694.

Accordingly, Rios has not shown that the district court abused its discretion in denying his motion for compassionate release. *See Cooper*, 996

No. 21-10371

F.3d at 286.  The order of the district court is AFFIRMED.  Rios's motion for the appointment of counsel is DENIED.