# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2022

Lyle W. Cayce
Clerk

No. 21-10979
consolidated with
No. 21-11246
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ethel Mae Love,

*Defendant—Appellant*.

———————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-954, 4:18-CR-164-1

———————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10979
c/w No. 21-11246

Ethel Mae Love, federal prisoner # 57295-177, appeals the district court's denial of her motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Love filed two notices of appeal of the district court's order denying her motion, and the two appeals have been consolidated. The notice of appeal in No. 21-11246 was untimely filed, however, so this consolidated appeal is DISMISSED IN PART as untimely as to No. 21-11246. *See* Fed. R. App. P. 4(b)(1)(A), (4); *United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015). Appeal No. 21-10979, which was timely filed, remains.

We review a district court's decision to deny a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 287-88 (5th Cir. 2021). A court abuses its discretion if its decision is based on an error of law or an assessment of the evidence that is clearly erroneous. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Love argues that the district court erred by determining that it was bound by the U.S.S.G. § 1B1.13 policy statement when assessing whether she had established extraordinary and compelling reasons for her early release. However, despite Love's argument to the contrary, the district court's order establishes that the court did not erroneously view the § 1B1.113 policy statement as binding. *See Cooper*, 996 F.3d at 287-88; *United States v. Shkambi*, 993 F.3d 388, 391-92 (5th Cir. 2021); § 1B1.13, p.s.

Additionally, Love argues that the district court's order failed to adequately consider or discuss her extraordinary and compelling reasons for compassionate release or the applicability of the 18 U.S.C. § 3553(a) factors. Although the district court's explanation was brief, the district court expressly stated that it had considered Love's motion for a sentence reduction and exhibits, the Government's response and exhibits, Love's reply and additional exhibits, the applicable § 3553(a) factors, and the

No. 21-10979
c/w No. 21-11246

Sentencing Commission's non-binding policy statements. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Because both Love and the Government offered arguments as to the § 3553(a) factors, the record supports that the district court independently assessed those factors in denying her motion. *See id.*; *Chambliss*, 948 F.3d at 693-94. The basis for the district court's decision is discernable from its order denying relief along with the record, particularly because the same district court judge who denied the motion for compassionate release originally sentenced Love after considering her presentence report and suggested at the sentencing hearing the reasoning for its sentencing decision. *Chavez-Meza*, 138 S. Ct. at 1965, 1967. Additionally, Love's disagreement with the district court's balancing of the § 3553(a) factors is not a sufficient ground for reversal. *See Chambliss*, 948 F.3d at 694. Accordingly, Love has not shown that the district court abused its discretion in denying her motion for compassionate release. *See Cooper*, 996 F.3d at 287-88. The district court's decision is thus AFFIRMED in No. 21-10979.

AFFIRM IN PART; DISMISS IN PART.