# United States Court of Appeals for the Fifth Circuit

No. 22-10088
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 17, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Blaine Faulkner,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-249-2

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Michael Blaine Faulkner, federal prisoner # 03829-078, appeals the district court's denial of his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and for reconsideration. He contends that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10088

district court abused its discretion in determining that the factors set forth in 18 U.S.C. § 3553(a) did not warrant a reduction in sentence.

A district court may modify a defendant's term of imprisonment if, after considering the applicable § 3553(a) factors, the court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). We review the district court's denial of a motion for compassionate release sentence reduction under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).

Contrary to Faulkner's assertions, the district court considered the 360-month sentence actually imposed, and its discussion of his plea agreement was not an abuse of discretion. *See id.* The ruling reflects that the court considered Faulkner's arguments regarding his post-sentencing rehabilitation but concluded that the § 3553(a) factors weighed against granting relief. Faulkner does not show that the district court abused its discretion in reaching this conclusion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Moreover, despite Faulkner's contentions otherwise, nothing in the record suggests that the district court considered itself bound by the Sentencing Commission's U.S.S.G. § 1B1.13 policy statement. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

AFFIRMED.