# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 12, 2022

Lyle W. Cayce
Clerk

No. 21-51044
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Harvison Graham,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-144-1

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

Robert Harvison Graham, federal prisoner #03228-079, appeals the district court's denial of his motion for compassionate release. He argues that the district court abused its discretion by unreasonably focusing on harmful parts of his record while ignoring mitigating factors (such as his post-conviction rehabilitation, his prison disciplinary record, and the need to avoid

---

* This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

No. 21-51044

unwarranted sentencing disparities following the amendment to 18 U.S.C. § 924(c) under the First Step Act of 2018).

We review the district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). Even if the sentencing disparities and other factors that Graham points to constitute "extraordinary reasons" favoring release under 18 U.S.C. § 3582(c)(1)(A)(i), Graham "still must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors." *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

The district court concluded that Graham failed to show that the § 3553(a) factors support an early release. That finding was not an abuse of discretion. On the contrary, the district court's decision focused on specific facts from Graham's criminal history, including the escalating violence that Graham employed with each successive offense. Graham "may disagree with how the district court balanced the § 3553(a) factors, [but] that is not a sufficient ground for reversal." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

AFFIRMED.