# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60303
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Weeden,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-8-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Anthony Weeden, federal prisoner # 05749-043, appeals the district court's denial of his motion for compassionate release. The district court determined that his health conditions and risks from the COVID-19 pandemic did not constitute extraordinary and compelling reasons

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

warranting compassionate release and that, in any event, the 18 U.S.C. § 3553(a) factors did not support compassionate release.

We review the district court's decision for abuse of discretion. *See United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). We need not reach the issue of whether Weeden demonstrated extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A)(i), as the district court's denial of relief based on the § 3553(a) factors constitutes an independent basis for affirming. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). Regarding § 3553(a), the district court noted Weeden's criminal history and prison disciplinary cases and determined that releasing him would not be in the interests of justice and would minimize the seriousness of his offense.

Weeden, who was born in 1958, notes his age and asserts, as he did in the district court, that he has become much older since his last criminal conduct, the convictions that placed him in criminal history category VI are all over 20 years old, he has been continuously incarcerated since 2006, he is in diminished health, and the private sector could better serve his medical needs. Weeden has not shown that the district court abused its discretion with respect to the § 3553(a) factors. *See Chambliss*, 948 F.3d at 693-94. He does not dispute the substance of the criminal history or prison disciplinary cases referenced by the district court. His disagreement with the district court's balancing of the § 3553(a) factors is not a sufficient ground for reversal. *See id.* at 694.

AFFIRMED.