# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50131
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Miguel Davila, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1559-2

_____

Before Haynes, Engelhardt, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Miguel Davila, Jr., federal prisoner # 16969-180, is currently serving a 240-month sentence for conspiring to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of methamphetamine. He moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his collective motions for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(2). By doing so, he is challenging the district

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We do not consider Davila's argument, raised for the first time on appeal, that the district court failed to inform him that he could object to the 21 U.S.C. § 851 information used to increase the mandatory minimum sentence for his count of conviction. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Further, until such time as the law is changed to allow retroactive application of Section 401 of the First Step Act of 2018, PL 115-391, § 401, 132 Stat. 5194, 5220 (Dec. 21, 2018), Davila has chosen to abandon his challenge to the denial of his request that his sentence be reduced under § 3582(c)(2).

Concerning his request for relief under § 3582(c)(1)(A)(i), Davila argues that the district court could and should have considered the nonretroactive sentencing changes for his statute of conviction as an extraordinary and compelling reason for relief. He maintains that, in light of those changes, the continuing COVID-19 pandemic, the low sentences received by his codefendants, and family circumstances that would keep him from engaging in criminal activity, compassionate release was warranted here. We review for an abuse of discretion the district court's determination that Davila failed to show extraordinary and compelling reasons warranting relief and that the 18 U.S.C. § 3553(a) factors did not weigh in favor of relief. *See United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Davila has failed to identify a nonfrivolous argument that the district court abused its discretion in denying relief under § 3582(c)(1)(A)(i). *See Cooper*, 996 F.3d at 286; *Chambliss*, 948 F.3d at 693; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, Davila's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR.

No. 22-50131

R. 42.2. All other outstanding motions filed by Davila in this appeal are also DENIED.