# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2023

Lyle W. Cayce
Clerk

No. 21-40860

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Gabriel Cisneros,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:94-CR-181-12

Before King, Jones, and Duncan, *Circuit Judges*.

Per Curiam:*

In 1995, a jury convicted Juan Gabriel Cisneros, federal prisoner # 40178-079, of three counts of possession with intent to distribute in excess of 100 kilograms of marijuana, one count of conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana, and one count of money laundering. The district court sentenced him concurrently to 20 years

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of imprisonment on the money-laundering count and to 30 years of imprisonment on each of the three drug-trafficking counts. Because Cisneros's sentence was enhanced pursuant to former 21 U.S.C. § 841(b)(1)(A), he received a mandatory life sentence on the conspiracy count.

Cisneros challenges the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We review the court's action for abuse of discretion and find neither an error of law nor a clearly erroneous assessment of the evidence. *United States v. Cooper,* 996 F.3d 283, 286 (5th Cir. 2021).

Cisneros presented the district court with four separate "factors" that he maintained combined to amount to extraordinary and compelling reasons warranting a sentence reduction to 30 years on the conspiracy count. These factors included (1) that the law no longer mandates a life sentence for the conspiracy count, although the statutory change was nonretroactive; (2) the disparity between his sentence and that of co-indictees who pled guilty; (3) his rehabilitative efforts while in prison; and (4) a clean prison record. Cisneros argues that the district court addressed those four factors individually but did not consider them in combination with one another. He also argues that the district court was required to but did not consider the 18 U.S.C. § 3553(a) sentencing factors before denying relief and that it improperly considered his *pro se* filings.

Having carefully reviewed the district court's reasoned order, the record, and the parties' arguments, we conclude that the district court did not abuse its discretion in denying Cisneros's motion. The district court considered and rejected Cisneros's argument that the four "factors," taken together, constituted "extraordinary and compelling reasons" warranting

No. 21-40860

compassionate release.[1] As this court has explained, the district court did not need to reach the Section 3553(a) factors after making that threshold determination. *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022) (citing *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021)). And the district court did not abuse its discretion in considering Cisneros's *pro se* filings, which contained *ad hominem* attacks on the magistrate judge; they bore directly on the compassionate release inquiry, and the district court, while entitled to consider them, did not give them undue weight.[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] This court has recently rejected Cisneros's principal argument that non-retroactive sentencing changes made by the First Step Act can support a compassionate release motion. *McMaryion v. United States*, --- F.4th ---, 2023 WL 2658434, *1 (5th Cir. 2023) ("[A] prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion.").

[2] Cisneros relies on *United States v. Gerezano-Rosales*, 692 F.3d 393 (5th Cir. 2012). That case involved an original sentencing procedure, and the court expressly declined to address whether Section 3553(a) permits a district court to consider disrespectful statements made by a defendant. *Id.* at 401. It is therefore inapposite.