# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2022

Lyle W. Cayce
Clerk

No. 21-50210

United States of America,

*Plaintiff—Appellee*,

*versus*

Armando Sauseda, Sr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-252-1

Before Dennis, Elrod, and Duncan, *Circuit Judges*.

Per Curiam: *

Armando Sauseda, Sr. is serving a life sentence for murder and an 87-month sentence for drug trafficking. Sauseda suffers from obesity, asthma, and severe hypertension—three conditions which significantly increase the risk of hospitalization and death from COVID-19. In January 2021, Sauseda filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50210

This provision allows a court to modify a sentence of imprisonment after considering the factors enumerated in 18 U.S.C. § 3553(a) and finding "extraordinary and compelling reasons" that warrant modification of the sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Sauseda argued that his increased risk of contracting a serious case of COVID-19 while confined at USP Coleman II was an extraordinary and compelling reason warranting his release. The district court denied Sauseda's motion. In a four-sentence order, the court stated in relevant part only: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motions [*sic*] on its merits." The court did not discuss its weighing of the § 3553(a) factors, nor indicate whether it found Sauseda's risk of contracting COVID-19 an extraordinary and compelling reason.

Sauseda appealed. This Court reviews a denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). However, we cannot say whether a district court abused its discretion when an order does not contain reasons explaining how it exercised its discretion. Therefore, we VACATE the district court's order denying Sauseda's motion for compassionate release and REMAND for reconsideration consistent with this opinion below.

## I.

We have previously said that a "district court must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision" on a motion for compassionate release. *Id.* As the word "must" indicates, this is a mandatory requirement. The need for specific factual reasons is in part due to the standard of review that a court of appeals applies to a district court's sentencing decisions. *Id.* The abuse of discretion standard is highly deferential, but it "does not preclude an

2

appellate court's correction of a district court's legal or factual error." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014). A legal or factual error must be identifiable by the appellate court in order for appellate review, even deferential appellate review, to be meaningful. This not only delivers litigants their statutory rights to an appeal, but it also allows the appellate court to articulate usable standards for the district courts to employ in the first instance. Additionally, it allows us to corral stray decisions so as "to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct." *Hughes v. United States*, ____ U.S. ____, 138 S. Ct. 1765, 1774 (2018) (internal quotation marks omitted).

Our Court's standard of review is not the only basis for a district court's obligation to provide reasons. There are also institutional reasons. A thorough explanation of the district court's sentencing decision "promote[s] the perception of fair sentencing." *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As the Supreme Court recently reiterated in the context of a sentencing modification motion, a judge's obligation to explain her decision "reflects sound judicial practice. Judicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust." *Chavez-Meza v. United States*, ____ U.S. ____, 138 S. Ct. 1959, 1964 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). When a district court renders a decision without explanation, it raises questions whether the judge acted arbitrarily, unconstrained by law and without due consideration of the parties' arguments.

Of course, the obligation to provide reasons is not an obligation to write a full opinion for every decision:

No. 21-50210

> The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word "granted" or "denied" on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.

*Rita*, 551 U.S. at 356. So too can the district court record leave much for the judgment of the appellate court. When a decision is rendered after a hearing, the record of the hearing may be sufficient to show that the district court considered the evidence and the parties' arguments. This may suffice to show the district court's reasoning, and further written elaboration in some particular cases may be unnecessary. *See Mondragon-Santiago*, 564 F.3d at 362–64 (reviewing cases where record of hearing did, and did not, suffice). Similarly, in the context of sentencing reconsideration decisions, the judge deciding the motion to modify or reduce a sentence may often be the same judge who originally sentenced the defendant. *See Chavez-Meza*, 138 S. Ct. at 1967. When this happens, it may be inferable from the original sentencing decision how the judge weighed the § 3553(a) factors in a subsequent motion for compassionate release. *Id.*; *see also United States v. Jones*, 980 F.3d 1098, 1113–14 (6th Cir. 2020). However, when the record lacks any basis for inference and the district court's order provides no explanation, there is little the appellate court can do to ascertain the judge's reasons for her decision but to remand the case for further proceedings.

Thus, "specific factual reasons" for a district court's decision are required, whether written in the order itself or reasonably inferable from the record. *Chambliss*, 948 F.3d at 693.

4

No. 21-50210

## II.

Turning to the order in this case, the district court's order denying Sauseda's motion for compassionate release contains no articulated reasons for its decision. It simply declares that, after considering the applicable statutory factors and policy statements of the Sentencing Commission, it was denying Sauseda's motion "on its merits." Sauseda's motion was decided on the papers without a hearing, as is often the case, and the Government did not object or otherwise file any response. The judge deciding the motion was not the judge who originally sentenced Sauseda. There is thus nothing in the record on appeal to illumine how the district court determined that Sauseda's motion should be denied other than the bare conclusions of the order.

As mentioned above, a motion for compassionate release requires both a consideration of the § 3553(a) factors and a determination whether extraordinary and compelling reasons for release exist.[1] These are two independent requirements, and a finding of one without the other does not

---

[1] We have noted that Congress neither defined, nor provided examples of "extraordinary and compelling reasons." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). "Instead, it delegated that authority to the Sentencing Commission," which has provided guidelines for compassionate release motions made by the Bureau of Prisons, but not those made by federal prisoners themselves. *Id.* at 391–92. The Sentencing Commission itself has noted that the absence of an applicable policy statement has led to considerable variability in how courts decide these motions. *See* U.S. Sentencing Comm'n, Compassionate Release: The Impact of the First Step Act and COVID-19 Pandemic 4 (Mar. 2022). Yet no guidance appears likely to be forthcoming as "the Commission currently lacks a quorum of voting members." *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). Instead, we have suggested that a district court may look to the non-binding policy statement at U.S.S.G. § 1B1.13 and its commentary to "inform[] [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). A district court is free, of course, to deviate from the examples discussed in this policy statement. *United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021).

entitle the movant to relief. *Chambliss*, 948 F.3d at 693. Here, we cannot tell if, in the district court's eyes, Sauseda failed to meet one, the other, or both requirements for compassionate release. In fact, it is not even clear that the district court asked itself whether Sauseda's susceptibility to COVID-19 constituted an extraordinary and compelling reason warranting release.[2] Especially given the unsettled state of the law around whether the COVID-19 pandemic uniquely presents extraordinary and compelling reasons for compassionate release, *see United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021), appellate review of a district court's decision for legal or clear factual errors is critical. But we cannot provide that on an order that fails to present the reasons for the district court's decision.

For these reasons we VACATE the district court's order denying Sauseda's motion for compassionate release and REMAND for reconsideration consistent with this opinion.

---

[2] The district court's order notes that the court considered "the applicable policy statements," which could refer to U.S.S.G. § 1B1.13's "extraordinary and compelling" provision for release. Perhaps this could mean the court did analyze whether Sauseda's motion presented an extraordinary and compelling reason, as required by 18 U.S.C. § 3582(c). But we hesitate to assume that it does. Strictly speaking, these policy statements are not applicable to Sauseda's motion. *See Shkambi*, 993 F.3d at 393. It is not clear then what the district court's order means when it refers to "applicable policy statements." More generally, the Sentencing Guidelines contain numerous policy statements ranging widely in subject matter. It is not appropriate for an appellate court to guess what law the district court applied when it is charged with the duty of reviewing for legal error.