# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-40143
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hector Yzaguirre,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-971-1

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Hector Yzaguirre, federal prisoner # 64898-279, appeals the denial of his motion for sentence reduction based on Amendment 782 to the Sentencing Guidelines, filed pursuant to 18 U.S.C. § 3582(c)(2). We review

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Yzaguirre argues that the district court failed to take into consideration facts that would have shown that he was not a drug kingpin; that the district court should not have considered his beyond-15-year-old misdemeanor theft conviction, for which he received one year of probation; that the district court should have investigated the validity of his previous voluntary manslaughter conviction and considered that his actions had been the result of the aggressive actions of a high-level gang member; and that a reduction was warranted due to his participation in educational and vocational programs. He also contends that the district court failed to recognize its discretionary authority and that the district court committed plain error in denying the sentence reduction. In a supplemental brief, Yzaguirre argues additionally that the district court erred in determining that he committed the misdemeanor theft offense, that he trafficked methamphetamine, and that he distributed methamphetamine throughout South Texas. He also disputes the district court's determination that his previous recidivism and the violence accompanying his past crimes indicated that his sentence was necessary to protect the public because he committed only one voluntary manslaughter offense that occurred in the heat of the moment.

Although Yzaguirre challenges the district court's § 3553(a) determination based on the district court's assessment of the instant offense and his prior convictions, he did not make any arguments regarding the § 3553(a) factors in his § 3582(c)(2) motion, and we will not consider them for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Additionally, the district court's findings about the nature and circumstances of the offense and his history and characteristics are supported

No. 23-40143

by the sentencing record, and Yzaguirre's challenges to the district court's findings at his original sentencing are not cognizable in a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). Moreover, Yzaguirre's disagreement with the court's weighing of the § 3553(a) factors is not a sound basis for reversal, and the record reflects that the district court gave due consideration to his § 3582(c)(2) motion and the applicable § 3553(a) factors. *See* § 3553(a)(1), (a)(2)(A)-(C); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (§ 3582(c)(1)(A)(i) case).

Although Yzaguirre also contends both that the district court failed to recognize its discretionary authority and that the plain error standard of review is applicable, there is no evidence in the record that the district court did not view its authority in weighing the § 3553(a) factors as discretionary, and only the abuse-of-discretion standard of review is applicable on appeal. *See Henderson*, 636 F.3d at 717. We also decline to issue a stay of the district court's order or provide a sentence reduction sua sponte, as requested by Yzaguirre. *See* § 3582(c); *United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021) (§ 3582(c)(1)(A)(i) case).

In light of the foregoing, Yzaguirre has not demonstrated an abuse of discretion, *see Henderson*, 636 F.3d at 717, and the district court's decision is AFFIRMED. Yzaguirre's motion to file a supplemental brief is DENIED as moot.