# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20549

———————

Shynetia Johnson,

*Plaintiff—Appellant*,

*versus*

Harris County; May Walker, Constable;
William Nowlin; Marcus Grant; Patrick Overstreet;
Jon S. Meek,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1016

———————————————————

Before Smith, Southwick, and Higginson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Shynetia Johnson was arrested for and charged with interfering with the duties of a public servant. Eight hundred fifty-six days later, she brought suit under 42 U.S.C. § 1983 against Harris County and a number of law enforcement officials, asserting a series of alleged constitutional rights violations.

The district court found the applicable statute of limitations barred all claims and granted all defendants' respective motions to dismiss. On appeal,

No. 22-20549

Johnson challenges the dismissal of her claims of false arrest, false imprisonment, and failure to train, supervise, and discipline. She also contends the district court erred in denying leave to amend her complaint. Finally, Johnson requests reassignment to a different district judge. We affirm.

## I.

On the morning of August 10, 2019, five Harris County Precinct Seven deputies were conducting a welfare check and looking for an unidentified male at Johnson's residence. The deputies knocked on the front door, at which point Johnson's brother opened the door and stepped outside to speak with the officers. Johnson stayed inside. Shortly thereafter, Johnson's brother was placed under arrest. As the deputies tried to effect that arrest, Johnson began recording the officers with her cell phone. Johnson alleges that at that point, Deputies William Nowlin, Marcus Grant, and Jon Meek told her to stop recording and to go away. Johnson refused to comply and continued to record.

The three deputies then allegedly approached Johnson, grabbed her arm, and squeezed her wrist to make her drop her phone. Another unnamed deputy then twisted Johnson's arm behind her back, jumped on top of her, placed her in handcuffs, and escorted her to the back of a cruiser. Johnson was transported to jail, where she was booked, charged with interfering with the duties of a public servant, and then released. Criminal proceedings resulting from that charge were dismissed on December 12, 2019.

## II.

Johnson sued Harris County, Deputies William Nowlin, Marcus Grant, Patrick Overstreet, Christopher Krause, Jon Meek, and Constable May Walker, making a series of claims under the First, Fourth, and Fourteenth Amendments. Each of the named defendants filed a motion to dismiss—all of which the district court granted. This appeal timely followed.

No. 22-20549

Johnson initially appealed the dismissal of all her claims, then affirmatively disavowed her intent to challenge the dismissal of her First Amendment and excessive force claims. Any challenge concerning those two claims is therefore waived and will not be considered.[1] That leaves Johnson with her claim against (1) the deputies for false arrest and false imprisonment and (2) Walker and the county for failure to train, supervise, and discipline.

### III.

This court reviews grants of Rule 12(b)(6) motions to dismiss *de novo*. *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023). That means we accept "all well-pled facts as true, drawing 'all reasonable inferences in favor of the nonmoving party.'" *Id.* (quoting *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021)). But we do not "presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Id.* (quoting *Harmon*, 16 F.4th at 1162–63).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pena v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018) (cleaned up) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

---

[1] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right." (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)); *United States v. Lauderdale Cnty.*, 914 F.3d 960, 969 (5th Cir. 2019).

No. 22-20549

IV.

Johnson claims Nowlin, Grant, Overstreet, Krause, and Meek violated her constitutional right to be free from false arrest and false imprisonment when they arrested and booked her for filming her brother's arrest. The district court dismissed both claims on limitations grounds.

Limitations for a § 1983 claim are determined by the "forum state's general or residual personal-injury limitations period." *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). Texas is the forum state, and its limitations period for personal injury claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003. That starts running once a claim accrues—that is, "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Edmonds*, 675 F.3d at 916 (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)). "Rule 12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

Johnson asserts her false arrest and false imprisonment claims did not accrue until December 12, 2019—the date the criminal prosecution terminated in her favor. She asserts the accrual rule for malicious prosecution claims[2] applies because her false arrest and false imprisonment claims are "based on malicious prosecution."[3] But Johnson's assertion is squarely foreclosed by *Wallace v. Kato*, 549 U.S. 384 (2007). In *Wallace*, the Court held

---

[2] A malicious prosecution claim accrues when criminal proceedings end in favor of the claimant. *See Winfrey v. Rogers*, 901 F.3d 483, 492–93 (5th Cir. 2018).

[3] Johnson did not bring a malicious prosecution claim.

that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397; *see also Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Thus, a false arrest claim accrues when charges are filed. Similarly, because a § 1983 claim for false imprisonment is "based upon 'detention without legal process,'" limitations run once "legal process [is] initiated." *Wallace*, 549 U.S. at 389–90.

Limitations had long lapsed by the time Johnson sued. The false arrest and false imprisonment claims are time-barred, and she concedes that no basis for tolling applies. We thus affirm the dismissal of those claims.

V.

*Constable Walker*

Johnson brings a § 1983 claim against Walker in her personal capacity for failing adequately to train, supervise, and discipline her officers.

A government-official defendant sued in his or her personal capacity "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. "In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Pena*, 879 F.3d at 620 (cleaned up) (quoting *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011)).

Johnson alleges that the officers "have a history of arresting individuals for conduct that is not criminal in nature," which "Walker . . . allowed to continue." Such a conclusory and formulaic assertion does not "raise a right to relief above the speculative level on the assumption that all the alle-

gations in the complaint are true." *Armstrong*, 60 F.4th at 270 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  With nothing more, Johnson's claim against Walker is factually insufficient.  Dismissal for failure to state a claim is therefore proper.[4]

*Harris County*

Johnson also brings § 1983 claims against Harris County and Walker in her official capacity.  These two claims are analyzed together because a § 1983 claim against a government employee acting in his or her official capacity is the same as a suit brought against the governmental employer itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

There are three essential elements for municipal liability under § 1983.  A plaintiff must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Pena*, 879 F.3d at 621 (citations omitted).  For purposes of the first element, an official policy "includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 621–22 (citations omitted).  Plausibly to plead that a practice is "so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury." *Id.* at 622 (citations and internal quotation marks omitted).  A plaintiff's description of the challenged practice "cannot be conclusory; it must contain specific facts." *Id.* (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).  And those specific facts must be similar to the case at hand: "Prior

---

[4] Defendants do not contend that the statute of limitations bars Johnson's claims against Walker and the county for failure to train, supervise, and discipline. *See Rollins*, 8 F.4th at 397 ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal." (citations omitted)).

indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question."[5]

Johnson presses the theory that Harris County engaged in a custom or policy of arresting individuals without probable cause. Her complaint asserts that "officers . . . violate the constitutional rights of individuals in a manner like that alleged by Ms. Johnson[] on a regular basis." Absent from her complaint is any meaningful factual content—it is completely barren of factual support and wholly conclusory. Johnson's claim against the county fails because she does not plausibly allege *any* pattern of conduct—much less a pattern of similar violations.

Perhaps realizing that her conclusory assertion fails to pass muster, Johnson asks this court to hold that the district court erred in denying her motion for leave to amend her complaint. We "review denials of leave to amend for abuse of discretion bounded by the Federal Rules of Civil Procedure." *Martinez*, 71 F.4th at 391 (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997). A district court does not abuse its discretion by summarily denying leave "if the record reflects ample and obvious grounds for denying leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citations and internal quotation marks omitted).

Johnson's proposed amendment includes twenty-three examples of arrests conducted by Precinct Seven officers that resulted in criminal charges later dismissed for lack of probable cause. They are of no use. All twenty-three lack critical factual detail.[6] That, in turn, precludes Johnson from

---

[5] *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (cleaned up) (quoting *McCully ex rel. Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

[6] Johnson's proffered examples only state that (1) an individual was arrested and

No. 22-20549

showing that the pattern of examples is sufficiently similar to her incident.[7] Consequently, Johnson's complaint—even as amended—would not survive a motion to dismiss.[8]

Because Johnson has not properly alleged a custom or policy that was the moving force of her injuries, we affirm the denial of leave to amend and the dismissal of her § 1983 claims against Harris County and Constable Walker.

## VI.

Johnson requests reassignment to a different district judge. Her request is of no moment because there is no reversible error.

The judgment of dismissal is AFFIRMED. The request for reassignment is DENIED.

---

(2) charged with a crime that was (3) later dismissed for lack of probable cause.

[7] *See Martinez*, 71 F.4th at 389 (explaining that "the pattern of examples must have 'similarity' and 'specificity'" (quoting *Davidson v. City of Stafford*, 848 F.3d 384, 396 (5th Cir. 2017))).

[8] *See id.* at 391 ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court was within its discretion to deny leave to amend." (quoting *Ariyan, Inc. v. Sewage & Water Bd.*, 29 F.4th 226, 229 (5th Cir. 2022))).