# United States Court of Appeals for the Fifth Circuit

---

No. 23-50386
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Michael Handlon,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-314-2

---

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Robert Michael Handlon, federal prisoner # 34932-077, contests the district court's denying his compassionate-release motion made under 18 U.S.C. § 3582(c)(1)(A) (permitting term of imprisonment modification if court finds "extraordinary and compelling reasons warrant[ing] such a reduction").

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50386

Handlon contends the court erred by:  relying on clearly-erroneous facts in its 18 U.S.C. § 3553(a) sentencing-factor analysis; and finding he failed to assert extraordinary and compelling reasons for his release. Regarding the latter, he asserts he:  has been successfully rehabilitated; and currently suffers from medical conditions—including, *inter alia*, bronchitis—caused by his prior COVID-19 infections.  He contends these medical conditions are not being properly treated and could be exacerbated if he were to contract COVID-19 again.  Further, he requests our court transfer his proceedings to a different district court.

Review is for abuse of discretion.  *E.g.*, *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021).  "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (alteration in original) (citation omitted).  Because, as discussed *infra*, Handlon has not shown the court abused its discretion in concluding he failed to present the requisite extraordinary-and-compelling reasons, we need not reach his claims regarding the court's 18 U.S.C. § 3553(a) sentencing-factors analysis.  *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022) ("[T]he district court may deny [defendant]'s motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release".); *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) ("[W]e may affirm if another ground in the record supports [the district court's] judgment". (citation omitted)).

Assuming Handlon adequately preserved this issue, he has not shown the court abused its discretion in rejecting his purported rehabilitation contention.  The record shows he was:  convicted of assault in prison in 2018; and sanctioned in prison following the assault for, *inter alia*, possessing a hazardous tool and refusing to obey an order.  Additionally, his rehabilitation efforts alone are not an extraordinary and compelling reason for his release.

*See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); Guideline § 1B1.13 cmt. n.3 (2021) (same); *Concepcion v. United States*, 597 U.S. 481, 502 (2022) ("[T]he First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation . . . counsel[s] in favor of a sentence reduction . . . . All that is required is for a district court to demonstrate that it has considered the arguments before it.").

Further, Handlon has not shown the court abused its discretion in rejecting his medical-condition reason for release because he has not shown he suffers from a medical condition that is a terminal illness or substantially diminishes his ability to provide self-care while in prison. *E.g.*, *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021) (rejecting medical-condition contention). Moreover, he has: contracted COVID-19 without severe complications; received the COVID-19 vaccine and at least one booster; and his prison reported no COVID-19 infections at the time his motion was considered. *See United States v. Rodriguez*, 27 F.4th 1097, 1099–101 (5th Cir. 2022) (concluding court did not abuse its discretion "by deciding the conditions at [defendant]'s prison and his medical conditions were insufficiently compelling and extraordinary to entitle him to relief"). His apprehensions about COVID-19 do not justify relief. *See id.*; *Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release.").

Finally, Handlon requests our court to reassign his proceedings to a different district court judge. His request is unavailing because he has not shown the court reversibly erred in denying his compassionate-release motion. *E.g.*, *Johnson v. Harris County*, 83 F.4th 941, 947 (5th Cir. 2023) (denying request for reassignment because no reversible error); *United States v. Stanford*, 883 F.3d 500, 516–17 (5th Cir. 2018) (noting reassignment standard is "a high hurdle").

No. 23-50386

AFFIRMED. The request for reassignment is DENIED.