# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10807
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Ray Williams,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-147-1

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Anthony Ray Williams, federal prisoner # 36832-177, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a 314-month sentence for various robbery and firearm convictions. The district court determined that Williams failed to show extraordinary and

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

compelling reasons warranting a reduction in sentence and further that the 18 U.S.C. § 3553(a) factors did not weigh in favor of granting relief. *See* § 3582(c)(1)(A)(i).

In his brief on appeal, Williams renews his arguments that compassionate release is warranted based on the extraordinary and compelling circumstances that (i) various changes to the sentencing laws would result in a lower sentence if he were sentenced today; and (ii) he has been rehabilitated.

To the extent Williams's arguments challenge the district court's assessment of the § 3553(a) factors, they amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). Because Williams fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Williams asks that his case be reassigned to a different district court judge. His request is of no moment because he has not raised a nonfrivolous issue that the district court abused its discretion in denying his motion for compassionate release. *See Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.