# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-11264
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESSICA WARD,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-157-4

---

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Jessica Ward, federal prisoner # 55927-177, appeals the denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and the denial of her motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). On appeal, Ward argues the district court erred in finding that she failed to demonstrate extraordinary and compelling reasons

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

for granting relief.  Ward asserts that she has various medical conditions related to kidney disease and that her prison is unable to adequately address and treat her medical conditions.  She additionally contends that the district court erred in applying and weighing the 18 U.S.C. § 3553(a) factors.  Finally, Ward argues the district court failed to adequately address her arguments and provided insufficient reasons for denying her motion.

We review the denial of a motion for compassionate release and the denial of a motion for reconsideration for abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019).  Based on the district court's statement that it had considered Ward's compassionate release motion, we may infer that the district court considered and rejected the arguments that Ward raised in that motion.  *See Concepcion v. United States*, 597 U.S. 481, 502 (2022); *United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023).  Moreover, we reject Ward's argument that the district court, without any independent review, relied exclusively on the reasons stated in a prior order denying her 2020 compassionate release motion.

The district court's order denying Ward's compassionate release motion demonstrates it adequately considered her arguments and concluded that the Section 3553(a) factors did not weigh in favor of relief.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  The district court "did not need to say more."  *Escajeda*, 58 F.4th at 188.  Ward's arguments regarding the Section 3553(a) factors amount to a disagreement with the court's balancing of those factors; her disagreement does not warrant reversal.  *See Chambliss*, 948 F.3d at 694.

We need not consider Ward's contention that the district court erred in finding that she failed to show extraordinary and compelling reasons warranting relief because the district court did not abuse its discretion in its

No. 23-11264

alternative ruling that relief was not warranted under the Section 3553(a) factors. *See Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693. Finally, Ward abandons, for failure to brief, any challenge to the district court's denial of her motion for reconsideration under Rule 59(e). *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Ward additionally asks that her case be reassigned to a different district court judge. Ward has not shown that the district court abused its discretion in denying her motion for compassionate release, and the request is denied. *See Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

Ward's motion to expedite the appeal is DENIED.

AFFIRMED.