# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-40147
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adedayo Hakeem Sanusi,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-172-1

_____

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Adedayo Hakeem Sanusi, federal prisoner # 15211-509, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his two 60-month above-guidelines sentences for possession of 15 or more unauthorized and counterfeit access devices and illegal possession of device-making equipment. His motion was based on Part A of Amendment 821 to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40147

the Sentencing Guidelines. Sanusi primarily argues on appeal that the district court erred in denying his motion by failing to consider his arguments regarding rehabilitation and by failing to consider the 18 U.S.C. § 3553(a) factors. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

As a preliminary matter, we reject the Government's argument that the grounds presented by Sanusi on appeal "are procedurally barred" by the law-of-the-case and waiver doctrines. Sanusi's prior appeal of his first § 3582(c)(2) motion was dismissed upon a finding by a panel of this court that the appeal presented no nonfrivolous arguments under *Anders v. California*, 386 U.S. 738 (1967). The panel, however, did not determine any issues of law or fact and did not remand the case to the district court, and the instant motion was not at issue in the prior appeal. Accordingly, the law-of-the-case and waiver doctrines pose no bars to this court's review. *See United States v. Stanford*, 883 F.3d 500, 514 (5th Cir. 2018); *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008).

Furthermore, we reject Sanusi's argument that the district court abused its discretion by failing to consider his rehabilitation arguments and failing to consider the § 3553(a) factors. The rehabilitation arguments Sanusi made in his motion were before the district court, the district court stated that it had considered his motion, and this court can assume that the district court considered those arguments in denying his motion, even if it did not explicitly address any specific argument. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020); *United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). Furthermore, the district court specifically stated that it had "considered the Section 3553(a) factors," and cited those that it found weighed against relief. Thus, the district court's order makes clear that the court adequately considered the § 3553(a) factors and its reasons for denying

2

Sanusi's motion were sufficient. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also Batiste*, 980 F.3d at 479; *Evans*, 587 F.3d at 673-74.  At best, Sanusi's arguments read as mere disagreement with the district court's balancing of the § 3553(a) factors, which is insufficient to show any arguable abuse of discretion.  *See Evans*, 587 F.3d at 672-73; *see also United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).

Sanusi appears to also challenge the district court's prior order denying his first § 3582(c)(2) motion, contending that the district court violated his due process rights by failing to give him an opportunity to reply to the Government's response.  However, this argument is not properly before the court because Sanusi's notice of appeal did not designate the prior order.

Furthermore, Sanusi questions the impartiality of the district court and appears to contend that it should have sua sponte recused itself under 28 U.S.C. § 455(a).  However, Sanusi points to nothing in the record to demonstrate that the district court was partial or biased in its consideration of § 3553(a) factors and, importantly, fails to show that any purported partiality stemmed from an extrajudicial source.  *See Liteky v. United States*, 510 U.S. 540, 554 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

Finally, we do not reach Sanusi's arguments that (i) the district court erred because it failed to follow the mandatory two-step framework under *Dillon v. United States*, 560 U.S. 817, 827 (2010); and (ii) the district court failed to adequately consider § 3553(a)(6), as both of those arguments are raised for the first time in Sanusi's reply.  *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

Based on the foregoing, Sanusi has failed to demonstrate any legal error or clearly erroneous assessment of the evidence in the district court's

No. 25-40147

denial of his motion. *See Batiste*, 980 F.3d at 469. Further, his request that this case be reassigned to a different district court judge is of no moment because he has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

The order of the district court is AFFIRMED.