# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-40279
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Andres Garcia, Jr.,

*Defendant—Appellant.*

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-2497-1

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Andres Garcia Jr. pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine. In his first appeal, a different panel of this court affirmed the district court's application of the career offender enhancement but vacated his sentence due to a miscalculated criminal-history category and remanded for resentencing. *See United States v. Garcia,*

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40279

No. 23-40717, 2025 WL 545711 (5th Cir. Feb. 19, 2025) (unpublished). On remand, the district court resentenced Garcia to the same below-guidelines sentence. Now, Garcia argues that his resentencing violated our previous mandate.

"We review *de novo* whether the trial court faithfully and accurately applied our instructions on remand." *United States v. Solorzano*, 65 F.4th 245, 248 (5th Cir. 2023) (per curiam) (quoting *Sobley v. S. Nat. Gas Co.*, 302 F.3d 325, 332 (5th Cir. 2002)). After reviewing the record, we conclude that the district court comported with "both the letter and the spirit" of the mandate. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (internal quotation marks and citation omitted). Further, because there is no basis for a remand, Garcia's request for reassignment to a different district court judge is "of no moment." *Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

The judgment of the district court is AFFIRMED.