# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2026

Lyle W. Cayce
Clerk

No. 25-10783
Summary Calendar

---

JERMAINE WATTS,

*Plaintiff—Appellant*,

*versus*

C. THOMAS, *Fort Worth Police Officer*; NEIL NOAKES, *Chief of Police*; CHRIS DANIELS; CITY OF FORT WORTH; TARRANT COUNTY; FNU NELSON, *Fort Worth Police Officer*; UNITED STATES OF AMERICA; VAZ G, *Fort Worth Police Officer*; C. WHITE, *Fort Worth Police Officer*; C. ALLRED, *Fort Worth Police Officer*; FNU GOLDRING, *Fort Worth Police Officer*; FNU WALKER, *U.S. Marshal*; STATE OF TEXAS,

*Defendants—Appellees*

CONSOLIDATED WITH

---

No. 25-10788

---

JERMAINE WATTS,

*Plaintiff—Appellant*,

*versus*

Brock Ortega, *Fort Worth Police Officer*; Unidentified Female Police Officer; Neil Noakes, *Chief Fort Worth Police Department*; Chris Daniels, *Deputy Chief*; City of Fort Worth; B. Ortega,

*Defendants—Appellees*

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:25-CV-489, 4:25-CV-491

---

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jermaine Watts, a pretrial detainee confined at the Tarrant County Jail in Fort Worth, Texas, filed two separate lawsuits under 42 U.S.C. § 1983 that were dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Because his appeals involve overlapping claims and defendants, we sua sponte CONSOLIDATE them.

We review a dismissal for failure to state a claim on which relief may be granted de novo. *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). There must be sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Watts's first lawsuit alleges that officers who arrested him on September 28, 2024, tased him, threw him to the ground, and kicked, beat, and shot him with rubber bullets; that he had his hands in the air and was complying when the officers deployed force and that the force continued after he was handcuffed, meaning that the force was unnecessary and excessive to the need; and that he suffered injuries as a result, including pain, a chipped tooth, burn marks, and abrasions, requiring him to be transported to the hospital. He renews his allegations on appeal, urging that no reasonable officer would employ such force on a noncombative arrestee, that the use of such force was objectively unreasonable, and that the district court erred in dismissing his excessive force claim for failure to state a claim. Accepting the allegations of Watts's complaint as true and construing them in his favor, as the district court was required to do at the pleadings stage, his allegations were sufficient to state a claim for excessive force that is at least plausible on its face. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000); *see also Iqbal*, 556 U.S. at 678.

Watts's second lawsuit alleges that on March 31, 2024, officers stopped him for no reason, handcuffed him, tased him while he was handcuffed, twisted his arms, slammed him to the ground, and kicked him, resulting in burns, bruising, and a concussion, which had to be treated in the emergency room. Accepting his allegations as true and construing them in his favor, Watts is correct that he stated a claim for excessive force that was plausible on its face. *See Goodson*, 202 F.3d at 740; *see also Iqbal*, 556 U.S. at 678. Consequently, the dismissal of Watts's excessive force claims for failure to state a claim was error in both cases. Those dismissals are therefore VACATED, and the excessive force claims are REMANDED for further proceedings. Watts's remaining claims were properly dismissed for failure

to state a claim, and those dismissals are AFFIRMED.  *See Hernandez v. Causey*, 124 F.4th 325, 333-34 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1930 (2025); *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023); *Johnson v. Harris Cnty.*, 83 F.4th 941, 946-47 (5th Cir. 2023); *Garza v. City of Donna*, 922 F.3d 626, 637-38 (5th Cir. 2019); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Iqbal*, 556 U.S. at 678.