# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-20275
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

Dontania Lan'ea Bradford,

　　　　　　　　　　　　　　　　*Plaintiff—Appellant*,

*versus*

SN Servicing Corporation; U.S. Bank Trust National Association, *as trustee for* LB- Shed Series V Trust,

　　　　　　　　　　　　　　　　*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-710

---

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

　　Dontania Lan'ea Bradford filed a pro se lawsuit seeking to halt the foreclosure of real property that had been used to secure a loan that Bradford obtained. The district court granted a motion to dismiss Bradford's complaint for failure to state a claim under Federal Rule of Civil Procedure

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

12(b)(6). The court also extinguished the notice of lis pendens on the property.

On appeal, Bradford has not briefed any error in the district court's dismissal of her claims based on the Truth in Lending Act, the Real Estate Settlement Procedures Act, and fraudulent misrepresentation, and she has therefore abandoned such claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Bradford vaguely argues that the district court erred by failing to follow trust law principles requiring the court to recognize the trust relationship and by failing to reform a trust instrument that did not embody intended terms. Because Bradford has not adequately briefed these claims, they are also deemed abandoned. *See Davis v. Davis*, 826 F.3d 258, 266 (5th Cir. 2016).

She further asserts, in summary fashion, that the district court violated her due process rights by extinguishing the notice of lis pendens without an evidentiary hearing, and that the court further erred by failing to adjudicate the defendants' standing to foreclose. Her arguments on these distinct points are conclusory and span no more than a few sentences. Accordingly, Bradford has inadequately briefed and abandoned these claims as well. *See Davis*, 826 F.3d at 266.

Finally, because there is no basis for a remand, Bradford's request for reassignment to a different district court judge is "of no moment." *Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

AFFIRMED.