# United States Court of Appeals for the Fifth Circuit

---

No. 25-50866
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Marquez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-242-1

---

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jose Marquez, federal prisoner # 42452-177, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, Marquez argues that the district court erred in denying his motion because it failed to address or give reasoned consideration to his arguments concerning rehabilitation, mitigation, low risk

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of recidivism, his advanced age, his plan for reentry after release, sentencing disparities, and his remorse. He additionally contends that the district court's reasons for denying relief are insufficient to permit appellate review.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court's reasoned order indicates that it adequately considered and rejected the arguments that Marquez raised in his motion and concluded that consideration of the 18 U.S.C. § 3553(a) factors did not weigh in favor of relief. *See Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022); *United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Marquez's disagreement with the district court's weighing of the § 3553(a) factors is not a sufficient basis for determining that the district court abused its discretion. *See Chambliss*, 948 F.3d at 694.

We additionally reject Marquez's argument that the district court erred by citing in its order denying his motion the drug quantities for which he was found accountable in his presentence report because those quantities were speculative and unreliable. The attempt by Marquez to challenge his sentence fails, as "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence." *Escajeda*, 58 F.4th at 187. We need not consider Marquez's contention that the district court erred in finding that he failed to show extraordinary and compelling reasons warranting relief because the district court did not abuse its discretion in its alternative holding that relief was not warranted under the § 3553(a) factors. *See United States v. Ward*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Marquez asks that his case be reassigned to a different district court judge. His request is of no moment because he has not shown that the district

court abused its discretion in denying his motion for compassionate release. *See Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

Before concluding, we note that Marquez's deceptive briefing practices deserve special mention and admonition. After an exhaustive review of Marquez's brief, we conclude that some of the cases Marquez cites do not exist and nearly every quotation from the caselaw that he cites from existing caselaw is either misquoted or fabricated. Further, most of the legal propositions that Marquez posits are supported by our caselaw are either inapposite to the cases he cites or, worse, contradicted by our caselaw. While we afford pro se plaintiffs some leeway, we will not ignore Marquez's use of non-existent caselaw and fabricated quotations, which flouts the requirement in Federal Rule of Appellate Procedure 28(a)(8)(A) that all briefs contain arguments supported by cited authority. *See* Fed. R. App. P. 28(a)(8)(A). Marquez is WARNED that his use of deceptive briefing practices akin to those employed in this case may result in the imposition of appropriate sanctions. *See Miller v. Stuart*, No. 25-30190, 2025 WL 3175977, at *3 (5th Cir. Nov. 13, 2025) (unpublished).

AFFIRMED.